UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:24-cv-01951-SSS-SHKx | Date | November 19, 2024 |
|---|---|---|---|
| Title | *Jason Douglas Obra v. Target Corporation and Iran Gomez* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND FOR REMAND [DKT. 12]

Before the Court is Plaintiff Jason Douglas Obra's ("Obra") Motion for Leave to Amend and to Remand the case to state court (the "Motion") filed on October 14, 2024. [Dkt. 12]. This matter is fully briefed and ripe for review. [Dkt. 14 (Opp'n), Dkt. 16 (Reply)]. In accordance with the opinion below, the Motion is **DENIED.** [Dkt. 12].

I.   FACTUAL BACKGROUND

This matter arises out of injuries Obra suffered when a light fixture fell on him while using the restroom at one of Defendant Target Corporation's ("Target") properties on August 1, 2023. [Dkt. 1 at 8]. Obra alleges that his injuries were a result of the negligence of Target and its employees' in maintaining the property such that it was unsafe and dangerous to the general public. [*Id.* at 30–32]. Obra asserts theories of negligence and premises liability as to the actions of Target, Iran Gomez, and Does 1-50. [*Id.* at 10–15].

Obra filed his Complaint in Riverside County Superior Court on March 24, 2024.  *Id.*  Target removed this action on September 11, 2024.  [Dkt. 1].

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Thus, federal courts can only hear cases if "there is a valid basis for federal jurisdiction."  *Ayala v. Am. Airlines, Inc.*, No. 2:23-cv-03571-MEMF-MAR, 2023 WL 6534199, at *1 (C.D. Cal. Oct. 6, 2023) (citing *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991)).

A defendant may remove a case to federal court if the case could have been brought originally in federal court.  28 U.S.C. § 1441(a).  If a plaintiff contests the removability of an action, the burden is on the removing party to show by a preponderance of the evidence that the requirements for removal were met.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  "Under 28 U.S.C. § 1332, a district court has original jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between 'citizens of different States.'"  *Jimenez v. General Motors*, LLC, No. 2:23-cv-06991 WLH (JPRx), 2023 WL 6795274, at *2 (C.D. Cal. Oct. 13, 2023).

However, "[i]n determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined."  *Grancare, LLC v. Thrower ex. rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018).  A fraudulently joined defendant is also known as a "sham defendant."  *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009).  "In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned."  *Id*. (citing *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)).  If there is any doubt as to the right to removal, a court must remand the action to state court.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (stating "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

## III. DISCUSSION

Obra argues the Court should grant his Motion for leave to amend his Complaint to add Jennifer Doe as a Defendant because she is a necessary party, judicial economy favors the amendment, he has a valid claim against Jennifer Doe, and denying joinder will prejudice him. [Motion at 4–10]. Obra contends that, if his Motion to amend the Complaint is granted, the Court lacks subject matter jurisdiction because Jennifer Doe is a citizen of California, just like Obra, and diversity jurisdiction would be defeated. [*Id.* at 10–11].

In response, Target insists that Jennifer Doe is a fictitious Defendant whose citizenship should be disregarded for purposes of diversity jurisdiction and she is not a necessary party. [Opp'n at 2–4]. Further, Target argues that Obra has no valid claims against Jennifer Doe because 1) he cannot show that she owed him a duty of care, 2) Target would ultimately be responsible for any damages, and 3) there is nothing in the proposed amended complaint to distinguish Jennifer Doe from Target. [*Id.* at 4–7].

The Court begins by noting that the party seeking removal bears the burden to show removal is proper. *Prize Frize Inc. v. Matrix (U.S.) Inc.,* 167 F.3d 1261, 1265 (9th Cir. 1999) (stating that the burden of establishing federal jurisdiction is on the party seeking removal). Here, Target sought removal, so the burden lies with them to show it is proper.

Target's notice of removal is sufficient to show that complete diversity exists between the parties. The notice alleges that this court has diversity jurisdiction because Obra seeks over $75,000 in damages and is a citizen of California, while Target, the only non-fictitious defendant, is a citizen of Minnesota. [Dkt. 1 at 2–3]; *see also* 28 U.S.C. § 1441(b)(1), ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."). The Court finds that this is sufficient to establish that it has subject matter jurisdiction.

Next, the Court finds that Obra has not met his burden to show that he has specific valid claims against Jennifer Doe. Obra's proposed amended complaint names Jennifer Doe but asserts the same claims against her as he does against all other defendants, including Target. [Dkt. 12-3 at 4–8]. The Court is unpersuaded that Jennifer Doe is a necessary party because there is no allegation that she was acting outside of the scope of her employment and no demonstration that

Plaintiff's recovery would be incomplete without her.  *see Calderon v. Lowe's Home Centers, LLC*, 2015 WL 3889289 (C.D. Cal. June 24, 2015) (denying remand because the Lowe's store manager was not a necessary party as plaintiff could not distinguish the manager from the store itself and finding that the recovery would be duplicative if granted).  In particular, the Court finds that any alleged liability for Jennifer Doe's actions as an employee would likely be imputed to the employer under the doctrine of respondeat superior.  *See Calderon* at 4.  As such, Jennifer Doe cannot be considered a necessary party.

Further, the Court finds that Obra's proposed amended complaint does not allege specific claims against Jennifer Doe under premises liability or negligence demonstrating that she was responsible for maintaining the light fixtures that caused Obra's injuries.  As such, Obra cannot show that Jennifer Doe owed him a duty of care under either theory of liability and, thus, has no valid claims against her.  *See J.L. v. Children's Institute, Inc.,* 177 Cal.App.4th 388, 395 (2009) ("Absent a legal duty, any injury is an injury without actionable wrong.").  Therefore, the Court holds that Obra cannot state a valid separate cause of action against the non-diverse party, Jennifer Doe, and he cannot show an absence of complete diversity between the parties.

## IV.   CONCLUSION

In accordance with the above, Obra's Motion is **DENIED**.  [Dkt. 12].

**IT IS SO ORDERED.**